[No. AO23339. First Dist., Div. Five. Jan. 27, 1984.]

MAYA DEL MAR, Plaintiff and Appellant, v.
CALIFORNIA COASTAL COMMISSION, Defendant and Respondent.

COUNSEL

Carl B. Shapiro and Shapiro & Shapiro for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, N. Gregory Taylor, Assistant Attorney General and Patricia Sheehan Peterson, Deputy Attorney General, for Defendant and Respondent.

OPINION

KING, J.—Maya Del Mar appeals from a judgment denying her petition for a writ of administrative mandamus. We affirm the judgment.

In 1972, W. R. Bailey, the owner of an undivided lot in the Point Reyes area, received approval for a division into two lots from the Marin County Planning Department, subject to dedication of street frontage and county approval of a septic system. Bailey successfully appealed the decision to the board of supervisors, and in July 1973, the planning department eliminated the road dedication condition and approved a preliminary land division map. A final map was recorded in November 1974.

In November 1972, however, the electorate had enacted the Coastal Zone Conservation Act, which required a permit for the land division. Bailey never obtained a coastal permit.

Bailey divided the lot into parcels of 14,159 square feet and 16,737 square feet and sold one of the parcels to appellant in 1977. In April 1981 she applied for a coastal permit for the lot division. The North Central Coast Regional Commission approved the application subject to certain conditions. A neighbor appealed the decision to the California Coastal Commission (the "state commission").

The state commission heard the appeal on September 1, 1981. Its staff recommended denial of the permit because the division was inconsistent with the local coastal program, which called for a minimum lot size of one acre, and because the slope of appellant's lot (35 percent) exceeded local guidelines prohibiting placement of leachfields on slopes exceeding 20 percent. The state commission denied a permit. The superior court denied appellant's petition for a writ of administrative mandamus. (Code Civ. Proc., § 1094.5.)

The superior court determined that substantial evidence supported the state commission's denial of a permit. ■ Appellant contends that the court should have applied the independent judgment test, because Bailey purportedly acquired a vested right to divide the lot when the Marin County Planning Department approved the division subject to conditions in 1972. (See generally *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 34 [112 Cal.Rptr. 805, 520 P.2d 29].) Appellant's argument is that after the planning department's approval the division itself would have occurred regardless of the outcome of the administrative appeal, so that the only remaining action on the division—filing of a final map—was ministerial.

A right to divide a parcel becomes vested, however, only when approval of a final map is "truly ministerial." (*South Central Coast Regional Com.* v. *Charles A. Pratt Construction Co.* (1982) 128 Cal.App.3d 830, 846 [180 Cal.Rptr. 555].) "[U]ntil the subdivider *proves that he has performed the requirements and conditions* imposed by the local governing body's approval of the tentative map, the local agency must disapprove the final map. As a result, there can be no subdivision . . . until the conditions are satisfied and no vested right under the coastal act." (*Id.,* at p. 845; italics added.)

When the Marin County Planning Department granted conditional approval of the division in 1972, Bailey chose to appeal the imposition of conditions rather than perform them. Thus, he was not at that time entitled to ministerial approval of a final map, and no vested right to divide the lot arose. Entitlement to ministerial approval could not have arisen until after July 1973, when the planning department eliminated the road dedication condition. By this time, however, the Coastal Zone Conservation Act required a coastal permit for the division, without which no right to divide the property could vest. (See *South Coast Regional Com.* v. *Higgins* (1977) 68 Cal.App.3d 636, 643 [137 Cal.Rptr. 551].) Thus Bailey, and appellant as his successor, never acquired a vested right to divide. On review by the superior court the substantial evidence test was applicable.

■ Substantial evidence supported the decision to deny the permit. The division did not conform with the one-acre lot minimum of the local coastal program. (See Pub. Resources Code, § 30604 [permit shall be issued if development is in conformity with local coastal program].) The slope of appellant's lot exceeded local guidelines for placement of leachfields, raising doubts about sewage disposal capabilities and structural stability. Additionally, numerous local residents opposed the permit as a threat to existing density control.

■ Appellant contends that the state commission lacked jurisdiction to hear the administrative appeal in September 1981, because a local coastal program had been certified on April 1, 1981, vesting sole jurisdiction in local government pursuant to Public Resources Code section 30519. (See Pub. Resources Code, § 30603.) But section 30519 provides that jurisdiction vests in local government only after a local coastal program has been certified *and* "all implementing actions within the area affected have become effective . . . ." Not all actions implementing the area's local coastal plan had become effective when the state commission heard the appeal. Necessary implementing zoning ordinances (see Pub. Resources Code, § 30108.6) were not adopted until April 13, 1982. (Bd. of Supervisors of Marin Cty., Ord. Nos. 2703, 2704.) Thus at the time the state commission heard the appeal it still had jurisdiction.

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.

A petition for a rehearing was denied February 15, 1984.